UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLTURA, LLC dba BUCANERO USA,<br><br>Plaintiff,<br><br>v.<br><br>CERVECERIA LA TROPICAL USA LLC; and LA TROPICAL HOLDINGS B.V.,<br><br>Defendants. | Case No.: 23-cv-1104-JES-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS; and**<br><br>**(2) DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF Nos. 7, 9]** |

Pending before the Court is Plaintiff's Motion for Preliminary Injunction and Defendants' Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction. ECF Nos. 7, 9. The parties filed respective oppositions and replies to these motions. ECF Nos. 13-16. On October 11, 2023, the Court held a hearing on both motions and took the matters under submission. ECF No. 20. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to dismiss for improper venue, **DENIES AS MOOT** the motion for preliminary injunction, and **DISMISSES** the case without prejudice to refiling in a proper venue.

//

1

# I. BACKGROUND

Plaintiff Soltura, LLC ("Soltura") is a company based in Solana Beach, California and is the originator and importer of Cerveza PALMA® beer. ECF No. 1 at ¶¶ 2, 11. Soltura states that it has sold PALMA® beer since January 2019 and it is distributed throughout California, Florida, Illinois, Maryland, Texas, and Wisconsin, and in many retail outlets. *Id.* ¶¶ 13-14. Soltura has a registered trademark related to PALMA® beer. *Id.* ¶¶ 16-22. Soltura also alleges that it markets PALMA® beer through use of distinctive and protected trade dress. *Id.* at ¶¶ 23-27. Soltura alleges that it advertises PALMA® using both the trademark and trade dress. *Id.* at ¶¶ 28-30.

Soltura accuses Defendants of using its protected intellectual property on their beer products, particularly for their Tropi Crystal beer. *Id.* at 33-34. Soltura alleges that the Tropi Crystal beer cans infringe based on the background used on the cans, the design of the product name, images used on the cans, and the use of a Spanish phrase. *Id.* Soltura alleges that the design is likely to cause consumer confusion because both products have been designed to be reminiscent of a Cuban beer, Cerveza Cristal, which was popular among Cuban Americans. *Id.* at ¶¶ 35-37. Based on these allegations, Soltura asserts causes of actions for trademark and trade dress infringement and unfair competition. *Id.* at ¶¶ 41-73.

Soltura filed a motion for preliminary injunction against Defendants, requesting that they be enjoined from using the PALMA® trademark and trade dress on their products. ECF No. 7. Defendants oppose this motion, but also filed their own motion to dismiss, or in the alternative, transfer venue. ECF No. 9. These motions are now pending before the Court.

# II. MOTION TO DISMISS

The Court first addresses Defendants' motion to dismiss. ECF No. 9. Defendants move on two alternative grounds. First, Defendants argue that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or should in the alternative, be transferred to a proper venue. ECF No. 9-1 at 18. Second,

Defendants argue that this case alternatively should be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *Id.* at 18-30.

### A. Venue

#### i. Legal Standard

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Federal Rule of Civil Procedure 12(b)(3) permits a party to move to dismiss a complaint based on improper venue. Upon a motion challenging venue, Plaintiff bears the burden of establishing proper venue. *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). In deciding a motion under Rule 12(b)(3), the court does not need to accept the allegations in the complaint as true and may consider facts outside the pleadings. *Id.*

Where a plaintiff asserts several claims, generally venue must be established for each claim. *Adobe Sys. Inc. v. Childers*, No. 5:10-CV-03571 JF/HRL, 2011 WL 566812, at *7 (N.D. Cal. Feb. 14, 2011). Here, Soltura asserts claims for trademark and trade dress infringement under the Lanham Act, as well as associated unfair competition claims under state law. ECF No. 1 at ¶¶ 41-73. Venue over such claims are governed by the general venue statute, 28 U.S.C. § 1391. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F.Supp.2d 1282, 1286 n. 3 (D. Ariz. 2009) ("Because the Lanham Act has no special venue provision, the general venue statute applies").

Pursuant to the general venue statute, venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, Plaintiff relies on § 1391(b)(2) only, alleging in his complaint that venue is proper in the Southern District of California because "a substantial part of the events giving rise to the claims in this complaint occurred in this judicial district," thus relying on § 1391(b)(2). ECF No. 1 at ¶ 9.

For trademark infringement claims arising under the Lanham Act, a "substantial part of the events giving rise to the claims" occurs in "any district where consumers are likely to be confused by the accused goods." *See Adobe Sys. Inc. v. Childers*, No. 5:10-CV-03571 JF/HRL, 2011 WL 566812, at *7 (N.D. Cal. Feb. 14, 2011). This could be met by showing that "a substantial number of consumers of plaintiff's trademarks products who reside in this district may be confused by defendant's use of the allegedly infringing mark." *Id.* (internal quotation marks and citations omitted). *Id.*; *see also Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.1956) ("[I]n cases involving trademark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's.").

### ii. Discussion

Defendants put forth several arguments for why venue is not proper in the Southern District of California. First, Defendants submit evidence to show that Tropi Crystal beer is produced and sold only in Florida, primarily in Miami, and has never been advertised or sold anywhere in California. ECF No. 9-1 at 12-13. Mr. Manuel Portuondo, executive in charge of La Tropical, submitted a declaration stating that he formed a business with his partner and they started brewing La Tropical beer in Miami in 1998. ECF No. 9-2 at ¶ 12. The La Tropical brand was purchased by an entity associated with the Heineken Group in 2017, and thereafter, construction began for a new La Tropical brewery in Miami. *Id.* at ¶ 15. In March 2023, the company introduced the Tropi Crystal beer. *Id.*

Mr. Portuondo stated that the beer is only sold in Florida, primarily advertised and sold in the greater Miami area, but there is also some distribution in the Broward and Palm Beach areas of Florida. *Id.* at ¶¶ 16, 18, 24. Importantly, he states that the beer has never been sold or advertised for sale in any part of California and neither defendant is licensed by the California Department of Beverage Control to import, produce, or sell the beer in California. *Id.* at ¶¶ 17, 19, 24. Thus, Defendants maintain that none of the events giving rise to Soltura's claims of infringement have occurred within this district for venue purposes. ECF No. 9-1 at 12-13. Second, while Defendants do have a website that is generally accessible across the United States, including from this district, the website is "passive" and does not let consumers purchase any beer through the website. ECF No. 9-2 at ¶ 21. Further, Mr. Portuondo states that nothing on the website is targeting California consumers for Tropi Crystal beer, nor have there ever been any print, television, or radio advertisements placed in California for the beer. *Id.* at ¶¶ 22-23. Finally, Defendants also argue that the only connection to this district that Soltura could make is that it suffers alleged harm here, but that is not sufficient to confer proper venue in this district. ECF No. 9-1 at 14-15.

Soltura counters that venue is proper in this district because it is where it is located and where it feels the injury that has been caused by Defendants' alleged infringement. ECF No. 14 at 28-29. Soltura does not factually dispute any of the evidence put forth by Defendants through Mr. Portuondo's declaration. *Id.*

The Court finds that Soltura has not met its burden to show that venue is proper in the Southern District of California. As cited above, many cases within this circuit have held that the place where a "substantial part" of the events take place for venue purposes in trademark infringement cases is where there is likelihood of consumer confusion. In order to have that, generally, it must be a district where sales of the allegedly infringing product is sold. *See Monster Energy Co. v. Metro Giant, Inc.*, No. EDCV202616JGBSHKX, 2021 WL 3524125, at *7 (C.D. Cal. Apr. 9, 2021) ("Venue is therefore proper wherever infringing sales occur."). Here, uncontroverted evidence shows

that no infringing sales of Tropi Crystal have ever been made in California, let alone this district, and Soltura itself does not even argue that there was any customer confusion here.

Two of the cases that Soltura cites to support its argument that the situs of the injury is a proper venue are not specific to trademark infringement but general torts. *See Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1076 (9th Cir. 2001) (venue was proper in district where "harms" were felt by plaintiffs where claim was for invasion of privacy); *Sung v. Bussio*, No. 5:13-CV-01786-RMW, 2013 WL 6086030, at *4 (N.D. Cal. Nov. 19, 2013) (claims for tort-like claims including RICO, unfair competition, and common law fraud and conversion). The only case that Soltura cited that did include trademark infringement claims was *Rhapsody Int'l Inc. v. Lester*, No. C 13-05489 CRB, 2014 WL 709899 (N.D. Cal. Feb. 24, 2014). The court there found venue proper in the Northern District of California, citing *Sung* and *Myers*, that the plaintiff "allegedly suffered trademark infringement, a loss of goodwill, and consumer confusion in the Northern District, and thus this is an appropriate venue." *Id.* at *9. But the court's own reasoning also highlights that trademark infringement and consumer confusion were suffered in the district in question. Here, because the uncontroverted evidence shows that Tropi Crystal beer was never sold or marketed in California, there is no evidence that the trademark or trade dress infringement occurred in this district or that consumer confusion occurred here.

In *Rhapsody*, the connection to the forum was based on the defendant's website, which the court found to be interactive rather than a "passive website containing an advertisement," because the website allowed users to register, create user names, and download music files. *Id.* at *6. This differs from Defendants' website here, which they characterize to be merely passive, doing nothing to target this district outside of its general accessibility to the public. Defendants cite to many cases to support their argument, and the Court is persuaded that this differentiates the situation from *Rhapsody*. *See, e.g.*, *Kaia Foods*, 70 F. Supp. 3d at 1184 ("courts have generally held that the mere fact that a website that displays the allegedly infringing mark can be accessed in the

district is not sufficient for venue in the absence of sales in the district or other activities aimed at the district"); *Jamba Juice Co. v. Jamba Grp., Inc.*, No. C-01-4846 VRW, 2002 WL 1034040, at *2 (N.D. Cal. May 15, 2002) (rejecting proposition that venue is conferred based on website assessable anywhere because that "would [] adopt a rule that would subject any corporation with a website to venue in the district in which plaintiff does business"); *Shari's Berries Int'l, Inc. v. Mansonhing*, No. 02:06CV0768GEBGGH, 2006 WL 2382263, at *2 (E.D. Cal. Aug. 17, 2006) (website not permitting online orders or other ways to engage with defendant insufficient for venue); *Munson v. Legal One L. Grp.*, No. 21-CV-07178-JCS, 2022 WL 1137082, at *6 (N.D. Cal. Apr. 18, 2022) ("The fact that a website is accessible within the district where an action is brought is not, by itself, enough to establish that venue is proper there."); *see also Life Alert Emergency Response, Inc. v. MedScope Am. Corp.*, No. CV 08-6735 PSG (CTX), 2009 WL 10674028, at *4 (C.D. Cal. Aug. 5, 2009); *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021); *J & J Acquisition Partners, Inc. v. Alvernaz Partners, LLC*, No. CV1707011SJOPLAX, 2018 WL 4959026, at *3 (C.D. Cal. Feb. 28, 2018).

  Thus, in summary, Soltura's cases to support its position that the place it suffers harm is sufficient to confer venue are not persuasive. Soltura's cases do not persuade this Court to depart from the cases holding that venue in trademark cases should be measured based on where consumer confusion occurs, not where injury is suffered. Rather, many cases within this Circuit have expressly rejected that argument in Lanham Act cases. The *Jamba Juice* court approved of the case *Woodke v. Dahm*, 70 F3d 983, 985 (8th Cir. 1995), which found that the central purpose of the venue statute is to protect defendants from being haled into districts having no real relationship to the dispute and that the focus is on the "relevant activities of the defendants, not of the plaintiff." Thus, the place of injury to the plaintiff is not central to this inquiry. *Id.* Accordingly, the Court concludes that Soltura has not met its burden to show that venue is proper in this district.

  Having found venue to be improper, the Court has discretion to dismiss the complaint or transfer it to a proper venue. *Jezign Licensing, LLC v. Maxima Apparel*

*Corp.*, No. 20-CV-1438-JLS (AGS), 2021 WL 3493294, at *1 n.1 (S.D. Cal. Aug. 9, 2021) ("Whether to dismiss a case or to transfer it to a proper venue is at the discretion of the district court.") (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)). A transfer will be in the interests of justice "as a means to prevent the injustice of penalizing a party for an honest procedural mistake." *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015); *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006) ("we have found a transfer to be in the interest of justice because the litigant was unaware of or confused about the proper forum in which to file his action"). Here, Soltura's attempt to show that venue is proper in this district appears to be based on the legal theory that venue is proper where the plaintiff suffers injury in trademark cases, but this is against the weight of the authority. There was nothing to prevent Soltura from discovering the facts regarding where Tropi Crystal was sold before the filing of this lawsuit and performing a more thorough venue analysis at that time. *See Glovebox Techs. Inc. v. Da Cruz*, No. 22-CV-1420-AGS-BLM, 2023 WL 3398532, at *2 (S.D. Cal. May 11, 2023) (finding that dismissal was appropriate where "Plaintiff offers no colorable justification for filing in this district").

Accordingly, the Court **GRANTS** Defendants' motion to dismiss under Rule 12(b)(3) for improper venue and **DISMISSES** the complaint without prejudice to refiling in the proper venue.

### B.  Personal Jurisdiction

Defendants alternatively moved to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction. However, since the Court granted the dismissal of the complaint for improper venue, the Court need not address this issue and **DENIES** this request as moot. *See Glovebox*, 2023 WL 3398532, at *2; *Jezign Licensing*, 2021 WL 3493294, at *1 n.1.

### III.  MOTION FOR PRELIMINARY INJUNCTION

Also pending before the Court is Soltura's Motion for Preliminary Injunction. ECF No. 7. Because the Court concludes above that venue is not proper in this district, the

motion is **DENIED AS MOOT**, without prejudice to its refiling.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to dismiss for improper venue, **DENIES AS MOOT** the motion for preliminary injunction, and **DISMISSES** the case without prejudice to refiling in the proper venue.

**IT IS SO ORDERED.**

Dated:  October 20, 2023

_____
Honorable James E. Simmons Jr.
United States District Judge